[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By his complaint, petitioner seeks a writ of mandamus pursuant to C.G.S. § 52-485. Respondent has appeared and filed a motion to dismiss. For reasons hereinafter stated, the motion to dismiss is granted.
In his petition, it is alleged that petitioner was, on January 31, 1992, convicted of certain crimes in the State of Connecticut and sentenced to eight years and four months. This sentence was to be served concurrent with any federal probation violation. Subsequently, petitioner was found to be in violation of his federal probation and was sentenced to an incarceration which covered the period from March 11, 1994 to September 11, 1995. On May 3, 1994, the Appellate Court reversed the judgment of petitioner's conviction and ordered a new trial. State v.Miller, 34 Conn. App. 250 (cert. denied 230 Conn. 902 (1994)). Petitioner further alleges that under the provisions of the Interstate Detainer Act, he gave notice to the court officials in the State of Connecticut of his request for a speedy trial. It is further alleged trial was not held within the 180 day limit required under the act and that he moved the court to dismiss the information as the court no longer had subject matter jurisdiction over him. It is alleged that the court ignored this and successive motions and did not conduct a hearing determination on petitioner's claim for speedy trial. Upon retrial, petitioner was convicted and sentenced to 8 years confinement. State v. Miller,56 Conn. App. 191 (1999), (cert. denied 252 Conn. 937 (2000)). By his petition, it is claimed that the failure of the state to bring petitioner to a speedy trial as requested resulted in a loss of subject matter jurisdiction over him and that the state was required to dismiss the information with prejudice. By way of relief, the petitioner requests the court to vacate the judgment and release him from custody.
A party seeking a writ of mandamus must establish 1) that the plaintiff has a clear legal right to the performance of the duty by the defendant; 2) that the defendant has no discretion with respect to the performance of that duty; and 3) the plaintiff has no adequate remedy at law.Hennessey v. Bridgeport, 213 Conn. 656, 659 (1996). "With respect to the CT Page 9695 extraordinary writ of mandamus, it is well-established that an essential prerequisite for issuance of the writ is the absence of any other specific remedy." Merlo v. Planning and Zoning Commission, 196, 676, 680 (1985). Here, petitioner has or has had specific legal remedies by which the speedy trial claim could have been raised. This issue certainly could have been raised in his appeal to the Appellate Court. The speedy trial issue may also be raised in one or more of petitions for a writ of habeas corpus.
The provisions of Connecticut Practice Book § 43-41 should also apply in this matter. Under the provisions of this section, the burden is on the party asserting the claim of speedy trial to file an appropriate motion to dismiss with the trial court after the time limit has passed. This section also provides that "[f]ailure of the defendant to file a motion to dismiss prior to the commencement of trial shall constitute a waiver of the right to dismissal under these rules." A motion to dismiss may be used to assert lack of jurisdiction over the subject matter. Practice Book § 10-31. Here, the court lacks subject matter jurisdiction in this mandamus action.
Accordingly, the motion is granted and a judgment of dismissal is entered.
Joseph J. Purtill, Judge Trial Referee